# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

MILFORD T. WASHINGTON, NO. 1084114,

                    Petitioner,

v.                                               ACTION NO. 2:10cv89

GENE M. JOHNSON, DIRECTOR,
                    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

On March 22, 2005, Petitioner Milford T. Washington ("Washington") was found guilty by a jury of false pretenses before the Honorable Donald M. Haddock, Circuit Court Judge. Washington was found to have "unlawfully and feloniously, with the intent to defraud," obtained automobile parts worth more than $200.00 from Land Rover of Alexandria in the City of Alexandria, Virginia. Va. Code § 18.2-178 (2007). As a result of this conviction, Washington was sentenced to three years of active incarceration.

Washington filed a petition for appeal to the Court of Appeals of Virginia, which was denied by a single judge on December 9, 2005. Washington's petition for appeal in the Supreme Court of Virginia was denied on June 28, 2006. Washington than filed a petition for a writ of habeas

corpus on November 23, 2006 in the Circuit Court for the City of Alexandria. In that petition Washington alleged:

(A) His attorney was ineffective for failing to impeach the Commonwealth's witnesses;
(B) His attorney was ineffective for failing to require the Commonwealth to disclose exculpatory evidence; and
(C) His attorney was ineffective for inaccurately stating the facts in his petition for appeal.

After submitting the initial petition, Washington filed a motion to amend his habeas petition on July 9, 2007 to include a claim that counsel was ineffective for failing to request a jury instruction from the court that the jury could declare itself "hung." A second motion to amend the state habeas petition was filed on August 6, 2007, seeking to include claims that his counsel was ineffective for failing to argue "the issue of the vehicle not being brought in by the petitioner and its battery having to be recharged," "failing to argue that the invoice had no signature of the petitioner," and failing to move for a mistrial on the ground that the Commonwealth never produced the truck during the trial. Resp't Br. in Supp. of Mot. to Dismiss ¶ 4, ECF No. 25. The circuit court granted Washington permission to amend on January 8, 2008, however Washington failed to submit an amended petition to the court. Washington then filed, in August 2008, a writ of mandamus to the Virginia Supreme Court requesting that they command the circuit court to act on his habeas petition. After inquiring at the circuit court, the Supreme Court was told that circuit court was waiting for Washington to file his amended petition and would not act for another sixty days, giving Washington time to file his amended petition. Dated letters of correspondence between the Virginia Supreme Court and the Circuit Court for the City of

Alexandria were mailed to Washington. He failed to file an amended petition and the circuit court ruled on Washington's originally filed habeas petition, dismissing it on April 22, 2009. Washington's appeal to the Virginia Supreme Court was denied on December 11, 2009.

Washington filed the present petition for writ of habeas corpus in this Court on February 18, 2010. Pet. for Habeas Corpus, ECF No. 1. Respondent filed a Motion to Dismiss and Rule 5 Answer. Mot. to Dismiss, ECF No. 23, Rule 5 Answer, ECF No. 24. Accordingly, this matter is ripe for adjudication. In this petition, Washington alleges he is entitled to 28 U.S.C. § 2254 relief because:

(1) The state court erred by failing to grant Washington's petition for a writ of habeas corpus because the respondent's answer was untimely;

(2) The state court erred by failing to "address Washington's undisputed allegations that he did not fail to file an amendment to his habeas corpus;"

(3) The state court erred in denying his claims of ineffective assistance of counsel (State claims (A), (B), (C));[1]

(4) The state court erred (i) "when failing to entertain Washington's amended petitions," and (ii) in denying his claim that counsel was ineffective for failing to move for a mistrial and for failing to ask that the trial court instruct the jury that "they had the option of rendering themselves a 'deadlocked jury.'"

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

In order for this Court to address the merits of this habeas petition, all of Washington's claims must be exhausted. See 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is

---

[1] For clarity in reference, Petitioner's state habeas claims have been labeled (A), (B), and (C). His federal habeas claims have been labeled (1), (2), (3), and (4). Federal habeas claim (3) consists of (A), (B), and (C) together.

satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). To properly exhaust a claim, a petitioner must fairly present the substance of the federal habeas claim to state court. A "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).

Similar to exhaustion, a federal habeas claim can be procedurally defaulted. The procedural default doctrine provides that a claim will be deemed exhausted if state courts have not had the opportunity to review a claim and would now refuse to review the claim under an adequate and independent state procedural rule. See Teague v. Lane, 489 U.S. 288, 298 (1989), Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). Where the state would bar review of a claim not already presented to the state court, the claim is simultaneously exhausted and defaulted. The federal court is not able to review a procedurally defaulted claim. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998).

Petitioner's claim in (ii) of ground (4) that the state court erred in denying his claim that counsel was ineffective for failing to move for a mistrial and for failing to ask that the trial court instruct the jury that they "had the option of rendering themselves a 'deadlocked jury,'" was never fairly presented to the state court. To be "fairly presented," a claim must be presented in a proper context in which the state court can review the claim. Baker, 220 F.3d at 289 (finding

that "oblique references" are insufficient). Washington moved to amend his habeas petition to include this assignment of error, but when granted leave to amend, he never submitted an amended petition. The state court ruled on the petition as it was presented to them, without the claim included. Washington then added the circuit court's failure to entertain this amendment as an error in his petition to the Virginia Supreme Court. This claim was never presented to the circuit court and cannot be first presented when requesting discretionary review. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (finding that raising a claim for the first time in a context where the merits will not be decided does not constitute a "fair presentation"). Because the Virginia Supreme Court would now refuse to hear this claim on an independent state ground, Washington's charged error in ground (4)(ii) is at once exhausted and procedurally defaulted. See Va. Sup. Ct. R. 5:17 (the Virginia Supreme Court will not hear claims not presented to the trial court). This Court, therefore, has no authority to review this claim because it has been procedurally defaulted and recommends ground (4)(ii) be denied.

Petitioner's claims that the state court erred in denying his claims of ineffective assistance of counsel have been exhausted, as they were fairly presented to the Supreme Court of Virginia. See supra Part I. Accordingly, the matters contained in ground (3) will be reviewed on the merits, infra Part II, C.

**B. Non-Cognizable Claims**

Petitioner's claims in grounds (1), (2), and (4)(i) are not appropriate assignments of error for a habeas petition, and therefore, are non-cognizable. The United States Code permits a federal court to issue a writ of habeas corpus only if the state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Moreover, "[m]atters of state law not involving federal constitutional issues are not appropriate grounds for

5

federal habeas corpus relief." Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978). If a claim of error relates to a state procedural question, "the issue may not be reached in a federal habeas corpus petition." Id.

Petitioner's argument presented in ground (1) charges that failing to grant Washington a default judgment based on an untimely response by Respondent was in error. In ground (2), Washington argues that the Circuit Court of Alexandria erred by failing to consider his proposed amendments during its denial of issuance of a writ of habeas corpus. Finally, in ground (4)(i), Washington alleges in slightly different language that the circuit court committed an error when they failed to address Washington's amended petition. Washington's arguments in all three grounds challenge the procedure of Virginia state courts in their adjudication of habeas claims, and as such contain no alleged constitutional error. Accordingly, this Court cannot recognize these claims as cognizable upon federal habeas review. See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (denying federal habeas review where petitioner did not allege a violation of any constitutional right or federal statute). The Court recommends that grounds (1), (2), and (4)(i) be denied as non-cognizable.

**C. Merits**

In federal habeas ground (3), Washington alleges counts of ineffective assistance of counsel during his trial in the Alexandria Circuit Court. These grounds were properly presented to the Virginia Supreme Court as grounds (A), (B), and (C) in his state habeas petition. The Virginia Supreme Court found no errors in any parts of grounds (A)-(C) requiring the reversal of the circuit court ruling, and denied Washington relief on these grounds. These claims have been properly exhausted and are ripe for federal habeas corpus review.

In a federal habeas petition, the Petitioner may only find relief from a state court dismissal if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The three contexts which would allow a federal court to overturn a state court decision on the merits are if the state court announced a conclusion opposite to the United States Supreme Court on a point of law, the state court has come to an opposite conclusion than the United States Supreme Court and the facts are indistinguishable, or the state court has unreasonably applied a legal principle. See Williams v. Taylor, 529 U.S. 362, 412 (2000). It is the Petitioner's burden to overcome the presumption of correctness of the state court's decision by clear and convincing evidence.[2] 28 U.S.C. § 2254(e).

` Washington alleges he is entitled to § 2254 relief in ground (3) because the state court erred in finding he was not denied effective assistance of counsel in his state court claims (A), (B), and (C). Washington's exact challenge, however, is somewhat ambiguous. On the face of the claim, he appears to be raising a challenge to the state court's findings-of-fact as they apply to (A), (B), and (C) together crediting the testimony of the Commonwealth's witnesses. If read in this way, then this Court agrees with Respondent that Washington has not overcome by clear and convincing evidence the presumption of correctness afforded to state court findings-of-fact, and therefore his claims should be denied.

To the extent that Washington's claims in federal ground (3) could be read as attempting to re-raise the substantive claims of ineffective assistance of counsel, the Court may review ground (3) on the merits. Construing Washington's petition for habeas corpus liberally, this

---

[2] Petitioner argues that a "full, fair, and adequate" hearing on the merits never took place in state court, and thus the presumption of correctness does not apply here. The Fourth Circuit has repeatedly stated that a perfunctory denial in state court is a sufficient adjudication on the merits to invoke § 2254(d)(1). See, e.g., Green v. Catoe, 220 F.3d 220, 222-23 (4th Cir. 2000); Mueller v. Angelone, 181 F.3d 557, 573 n.10 (4th Cir. 1999).

7

Court will review his individual ineffective assistance of counsel claims. For ease of reference, the Court will address his grounds individually (A), (B), and (C)[3] of federal petition ground (3). The Court will review the decision on the merits to determine if the denial of relief was unreasonable.

Washington claims his counsel was ineffective, as defined by Strickland v. Washington, 466 U.S. 668 (1984), based on several grounds including: (A) failing to impeach Commonwealth witnesses William Hughes, Renee Wilkerson, John Parri, and Detective Edward Milner; (B) failing to require the Commonwealth to disclose exculpatory evidence; and (C) mistakenly stating in Washington's appeal petition that the Commonwealth had already introduced evidence that Washington provided an identification with the name "Thomas Booker" on it when arguing against the admission of the six driver's licenses found in Washington's vehicle. Washington has failed to demonstrate under the Strickland standard that he was denied his right to counsel due to ineffective assistance in all parts of ground (3).

In Strickland v. Washington, the Supreme Court promulgated a standard to determine if a counsel's performance fell below an objective standard of reasonableness, and the defendant suffered actual prejudice as a result. 466 U.S. at 689-94; see also Williams, 529 U.S. at 391. Strickland requires this Court to review the reasonableness of Washington's attorney's decisions under a two-prong test: performance and prejudice. Id. Under the performance prong, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Under the prejudice prong, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id.

---

[3] (3) (A), (B), and (C) parallel Washington's state petition claims.

Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A court addressing an ineffective assistance of counsel claim need not analyze the performance prong before the prejudice prong, nor must it "address both components of the inquiry . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id. at 697. In order to recommend granting Washington relief on his ineffective assistance of counsel claims, this Court must find that the Supreme Court of Virginia's dismissal of his claims was an unreasonable application of Strickland.

By way of a brief summary so as to more clearly understand Petitioner's claims, the following was established during trial: Washington was found guilty by a jury in the Circuit Court of the City of Alexandria of larceny by false pretenses. The subject of his conviction was a Land Rover that was brought into a dealership in Alexandria for repairs. Washington claimed ownership for the vehicle under the name "Thomas Booker." His initial attempt to pay for the repairs with a third-party check was refused by the cashier at the dealership, Renee Wilkerson. He then subsequently called a man named "Michael Monroe" who appeared with a check drawn on an attorney's escrow account made out to the Land Rover dealership. After the check was accepted and Washington left with the Land Rover, the dealership discovered that the check was fraudulent, and the name and information given to the dealership by the man purporting to be Thomas Booker was false. Washington was later arrested driving the same Land Rover on an unrelated charge. In his possession were several identifications including one in the name of Thomas Booker.

Washington's grounds of error in his petition relate to three main parts of his trial. First, Washington was identified during trial as the man using the name "Thomas Booker" on the day

of the fraud by three witnesses, Hughes, Wilkerson, and Parri; employees of the dealership. Secondly, Ms. Wilkerson testified as to her methods and procedures during checkout, particularly the policy regarding third-party checks. Finally, Washington alleged during trial (and maintains in this petition) that he received a discount for the repairs from Parri, which Hughes approved, and the work invoices introduced during trial are either the incorrect invoices or demonstrate an incomplete picture of the transaction. The following are his specific grounds for asserting he is entitled to § 2254 habeas relief.

*1. Ground (3)(A)*

Ground (3)(A) of Washington's petition alleges that his attorney was ineffective for failing to impeach the Commonwealth's witnesses. An attorney's trial tactics deserve a high degree of deference in habeas review. See Darden v. Wainwright, 477 U.S. 168, 186 (1986). A counsel's decisions regarding which witnesses to call, what objections are to be raised, and how to cross-examine witnesses are all tactical matters. See Matthews v. Evatt, 105 F.3d 907, 921 (4th Cir. 1997). Washington's claims regarding his attorney's decisions as to the impeachment of the Commonwealth's witness fall squarely into this category. Washington bears the heavy burden of overcoming the Supreme Court's mandate that a trial attorney's tactical decisions are to be given a high degree of deference in habeas review. If it is possible to construe the attorney's decisions as based on sound tactical judgments, than the reviewing court must hold the Petitioner to the burden of overcoming this presumption in favor of the attorney's tactical decisions. Id.

Washington first argues that his attorney should have cross-examined Hughes about his identification of Washington and whether he had seen him prior to March 18, 2004. In support of this claim, Washington provides an invoice from the dealership dated December 9, 2003 for

repairs on the same Land Rover that was the subject of his conviction. Hughes's name appears on the December invoice. Washington claims that this invoice either proves that Hughes saw the real Thomas Booker, or the records at the dealership were altered.

Washington has not demonstrated that his attorney's performance was deficient. At trial, Washington's attorney did cross-examine Hughes on his identification of Washington. (Tr. 3/22/205 at 61). Hughes stated that, to the best of his recollection, the first time he had seen Washington was on March 18, 2004. Washington has also failed to state how the invoice, completed in December 2003, demonstrated Hughes was lying as to the first time he saw Petitioner, and how the attorney's failure to press Hughes on this point resulted in prejudice to the Petitioner. The circuit court, relying on Respondent's brief, found that the "December invoice was irrelevant." Resp't Mot. to Dismiss State Pet. at 128, Cir. Ct. R. CL06004103; Or. at 338, Cir. Ct. R. CL06004103 ("AND IT APPEARING to the Court that the Attorney General's Motion to Dismiss is well-taken and the Court adopts as its own the reasons for dismissal stated therein…").[4] As the circuit court found, the jury was aware of a number of reasons as to why it was possible that Hughes did not see Washington before March 2004, and therefore, any of these reasons could account for the jury finding Hughes's identification of Washington as the man he saw on March 18, 2003 credible. Resp't Mot. to Dismiss State Pet. at 129. Even if Washington's attorney had engaged in extended cross-examination with Hughes on the December invoice, Washington cannot demonstrate that this would have undermined the outcome of the case. Petitioner demonstrated no actual prejudice resulting from counsel's tactical decision to limit his cross-examination of Hughes, and the state court's denial of habeas relief on this point is not an unreasonable application of Federal law.

---

[4] Page numbers of state court documents cite to the state court record filed by the Clerk of the Circuit Court of Alexandria.

11

Washington next claims that his counsel was ineffective for failing to move to strike Hughes's testimony regarding the method in which the vehicle arrived at the dealership. He states that the Land Rover in question was towed to the dealership by a tow truck driver and not personally driven to the dealership by Washington. Washington appears to be arguing that his attorney should have moved to strike Hughes's identification of Washington because Washington cannot be connected directly to the vehicle received under the name "Thomas Booker." Pet. ¶¶ 60-62. The state court found that counsel was neither deficient in performance nor did Petitioner suffer actual prejudice as a result of counsel's failure to move to strike. Resp't Mot. to Dismiss State Pet. at 132. Hughes's opportunity to observe Washington acting as Thomas Booker was well-developed during trial. The state court's finding that Washington did not meet his burden under Strickland is not an unreasonable application of law.

Petitioner next argues that his counsel's failure to produce an invoice that did not contain Washington's signature resulted in prejudice because this would prove that Hughes did not see Washington posing as Booker on March 18, 2004. Pet. ¶¶ 63-64. Petitioner's claims are unclear as to how an unsigned invoice would demonstrate that Hughes did not see Washington on March 18. Washington's claim "that the court would have ordered a new trial" is conclusory and does not establish a connection between his counsel's failure to introduce one specific invoice and his claim of prejudice. Id. Further, other trial court evidence bolsters Hughes's claim that he saw Washington acting as Thomas Booker on March 18. Parri also testified that Washington's request for a discount on March 18 stemmed from his relationship with Parri's ex-girlfriend, Lucas. Washington's claim that Hughes only recognized him due to his relationship with Lucas in no way alters Hughes's and Parri's testimony that Washington was in the dealership on March

18. The state court's finding that Petitioner failed to establish either prong of <u>Strickland</u> is not an unreasonable application of law. Resp't Mot. to Dismiss State Pet. at 132.

Washington claims that his counsel was ineffective for failing to cross-examine another Commonwealth witness, Renee Wilkerson. Washington claims that Wilkerson's uncertainty as to her identification of Washington should have prompted his attorney to conduct a more thorough interrogation of her on the witness stand. The state court correctly pointed out that Washington's attorney did cross-examine Wilkerson on this point, and therefore this claim is without merit. Resp't Mot. to Dismiss ¶52; Tr. 3/22/205 at 88-89.

Washington next claims that Wilkerson was lying when she stated she accepted a check from him after first declining to accept a third-party check from Washington posing as Thomas Booker. Washington claims he was denied effective assistance of counsel because counsel failed to investigate why Wilkerson accepted a check from "Michael Monroe" later that day, and Wilkerson's claim that Washington was a "frequent customer." Pet. ¶¶ 48-50. Washington argues that if counsel had found information to counter her claim that Washington was a frequent customer, then the jury would have realized she was lying. The state court found that Washington's claims based on the cross-examination of Wilkerson did not satisfy either prong of <u>Strickland</u>. Because counsel did conduct a cross-examination of Wilkerson on her identification of Washington as Booker, and the procedures she took after accepting a check from Washington, this Court agrees with the state court that Washington did not show that his attorney was performing unprofessionally. Tr. 3/22/205 at 87.

Nor does this Court find that the state court ruled contrary to or unreasonably applied Federal law when they found that counsel was not ineffective for failing to challenge Wilkerson that she must have conducted a transaction with "Thomas Booker," in Hughes's presence before

March 18, 2004. The state court relied on multiple pieces of testimony to account for the possible discrepancies between Hughes and Wilkerson's statements, none of which lead to the conclusion that the witnesses lied. Tr. 3/22/205 at 90; Tr. 3/22/205 at 53, 64, 69; Tr. 3/22/205 at 60, 63, 69-70, 82. Counsel may have viewed further investigation or cross-examination meritless, and Strickland's deference to trial strategy requires this Court to view counsel's actions under a presumption of reasonableness. Petitioner has not provided sufficient evidence to overcome this presumption.

Washington next criticizes his attorney's cross-examination of John Parri, claiming his attorney was ineffective for failing to challenge Parri's testimony that he could not obtain a discount for Washington at the dealership. Washington claims that further cross-examination would reveal that Parri "lied about giving a discount." Pet. at ¶ 54. He claims he suffered prejudice because the "trial would have been totally different had counsel exposed the truth about the discount." Id. The state court, upon review of this claim, found that Washington satisfied neither prong of the Strickland test, and this Court finds that the state court neither unreasonably applied Strickland, nor ruled contrary to Federal law.

During trial, Parri testified that the discount Washington was seeking was a "family by association" discount due to his relationship with Parri's ex-girlfriend. Tr. 3/22/205 at 94-96. Washington claims that he was given a discount by Parri, but fails to offer proof of such discount. The invoice presented shows an account balance discount, but does not show the employee discount that Washington claims to have received. Washington does not present additional evidence that suggests his attorney's cross-examination of Parri would demonstrate that he was lying, or that Washington did receive the "family by association" discount. See Beaver v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (stating that habeas relief is

unavailable where petitioner does not offer proof of favorable testimony that would result from attorney's questioning). He does not demonstrate that his attorney acted unprofessionally by failing to question on these particular points, nor does Washington demonstrate prejudice. These claims fail under Strickland.

Finally, Washington argues that his attorney's lack of cross-examination of Detective Edward Milner resulted in a denial of his constitutional right to counsel because it would have revealed that Detective Milner manufactured a fake police report that stated identification in the name of "Michael Monroe" was found in Washington's possession in order to connect the bad check to Washington. Pet. at ¶¶ 55-59. Washington never raised this claim in his state petition. His allegations in his state petition (State Pet. at ¶¶ 15-17) as to false testimony given by Officer Jason Smith seem to be related to his current claim that Detective Milner manufactured a false identification and false police report; however, he fails to argue why his counsel was ineffective in his interrogation of Detective Milner. Washington's claims in his state petition charge error with his attorney's handling of Officer Smith's cross-examination, unlike his claim in his federal petition where he charges error related to his attorney's handling of Detective Milner's cross-examination. Because Washington failed to raise the claim of ineffective assistance of counsel as it related to his attorney's conduct during the cross-examination of Detective Milner in state court, this claim is now procedurally defaulted and cannot be considered by this Court. See Baker, 220 F.3d at 289 (finding that a federal claim that resembles a state court claim does not exhaust the federal claim); see also Teague, 489 U.S. at 297-99 (holding that petitioner is barred from raising a claim in federal habeas proceeding where he had not previously raised the claim to the state court unless he can show cause for the default and prejudice resulting therefrom). Washington has alleged no claim or facts to support reasons for this default, nor has he attempted

to argue a prejudice which would result in the need for this Court's review. Therefore, Petitioner's claims of ineffective assistance of counsel as they relate to Detective Milner's testimony are procedurally defaulted.

   *2. Ground (3)(B)*

Washington argued in his petition in ground (3)(B) that his attorney was ineffective for failing to require the Commonwealth to disclose exculpatory evidence. Primarily, the Petitioner argues that his attorney should have required the Commonwealth to disclose a December 19, 2003 invoice that listed repairs to the Land Rover that is the subject of his conviction. In Washington's State Petition at page six, he states that his attorney was constitutionally ineffective because he knew about the December invoice, but did not demand that the Commonwealth produce it, and was harmed by this violation of Brady. Washington admits in both his petition and the attached affidavit, however, that he and his attorney knew about the December invoice because Washington had a copy and provided it to his attorney. State Pet. at 6; State Pet. Aff. at 1. If Washington and his attorney had the evidence in their position, then the prosecution has no duty under Brady to deliver evidence already within the Petitioner's possession, nor is counsel ineffective for failing to demand said evidence. See United States v. Wilson, 901 F.2d 378, 380 (4th Cir. 1990) (finding the Brady rule does not apply if the evidence is available to the defendant from other sources). This Court agrees with the circuit court that Washington has failed to demonstrate either prong of the Strickland test on this point; therefore ground (3)(B) should be denied.

   *3. Ground (3)(C)*

Finally, Washington argues in ground (3)(C) that his attorney was ineffective due to an error in his petition on direct appeal where he misstated that the Commonwealth "had already

introduced evidence" that Washington possessed identification in the name of "Thomas Booker." State Pet. at 4; Pet. for Appeal at 8, Ct. of Appeals of Va., R. 1327-05-4. Upon review of the petition for appeal and the trial transcript, counsel's statement does appear to be in error, but Washington must demonstrate that he suffered actual prejudice as a result of this misstatement. Because he failed to do so, he cannot satisfy the prejudice prong of Strickland. The Court of Appeals neither relied on this statement nor recited it as a basis for their denial of appeal. Or. Denying Pet. for Appeal, Ct. of Appeals of Va., R. 1327-05-4. This Court finds no error in the circuit court's denial of Washington's claim due to his failure to meet his burden under Strickland. The Court recommends that ground (3)(C) be denied, and federal petition ground (3) be denied in its entirety.

### III. RECOMMENDATION

For the above stated reasons, this Court recommends that Petitioner's federal habeas claim (1), (2), and (4)(i) be DENIED as they are non-cognizable claims and are not reviewable by this Court. The Court further recommends that habeas corpus claim in ground (4)(ii), and the ineffective assistance of counsel claim in ground (3)(A) as related to the cross-examination of Detective Milner be DENIED as procedurally defaulted. Finally, this Court recommends that the residual claims found in ground (3) be DENIED as the state court reviewed the claims on the merits, and this Court finds no error in their application of Federal law.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing

17

of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

    2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                                                                                      /s/
                                                      Tommy E. Miller
                                     United States Magistrate Judge

Norfolk, Virginia
January 18, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Milford T. Washington, No. 1084114
Haynesville Correctional Unit
P.O. Box 129
Haynesville, Virginia 22472


Josephine Whalen
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

January 19, 2011